IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARKER MICHAEL KNIGHT,                    3:13-CV-01350-BR

       Plaintiff,                      OPINION AND ORDER

v.

U.S. DEPARTMENT OF VETERANS
AFFAIRS,

       Defendant.


**PARKER MICHAEL KNIGHT**
45 S.E. 196th Avenue
Portland, OR 97233
(971) 400-4609

       Plaintiff, *Pro Se*

**S. AMANDA MARSHALL**
United States Attorney
**JAMES E. COX, JR.**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion
(#5) to Dismiss.  For the reasons that follow, the Court **GRANTS**
Defendant's Motion.

<u>BACKGROUND</u>

On August 6, 2013, Plaintiff filed a *pro se* complaint in
Multnomah County Circuit Court in which he alleges Defendant
Department of Veterans Affairs (VA)

> [p]osted a job announcement on USAJOBS.GOV. . . .
> [Plaintiff] was denied twice in a row from
> Vocational Rehab with VA
>
> * * *
>
> Recently, Petitioner filed two positions exactly
> same title and pay rate and same locations, with
> one exception.  One job was Competitive and other
> was non-competitive.  For competitive job,
> USAJOBS.gov stated on application status, Disabled
> Veteran [Plaintiff] as being "application
> received" and other "Minimum qualification not
> met."  Both job received same application related
> forms and resume.  Both positions were not sending
> [Plaintiff] any notifications afterward being
> applications received status.
>
> * * *
>
> [Plaintiff] has been denied twice from same person
> who decides (only one person) whether
> I can receive or denied benefit of Vocational
> Rehab.

Compl. at ¶ II.

Plaintiff alleges he "feel[s] [an] American Disability Act

2 - OPINION AND ORDER

. . . violation has occurred based on [his] disability, race, and age." *Id.*  Plaintiff also alleges the following in Counts I through III:

> Defendant and or his agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff.
>
> * * *
>
> Defendant and or his agents have intentional[ly], maliciously, and without just cause, slandered the Plaintiff's names, business and reputation[] in the community by making knowingly false, malicious and intentional statements about the Plaintiff, Plaintiff's family, and the Plaintiff's business.
>
> * * *
>
> Defendant and or [its] agents have intentionally, maliciously and without just cause, engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiff[] and [his] business.

Compl. at ¶¶ III-V.

On August 6, 2013, Defendant removed the matter to this Court as an agency of the United States government pursuant to 28 U.S.C. § 1442(a)(1).

On August 28, 2013, Defendant filed a Motion to Dismiss on the grounds that the Court lacks subject-matter jurisdiction and Plaintiff failed to state a claim.  The Court took Defendant's Motion under advisement on October 3, 2013.


## STANDARDS

**I.  Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)**


3 - OPINION AND ORDER

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

## II. Dismissal for failure to state a claim pursuant to Rule 12(b)(6)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a

> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id*. at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted).  "[B]efore dismissing a *pro se* complaint the . . .

5 - OPINION AND ORDER

court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quotation omitted).  "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation omitted).


## DISCUSSION

### I.   Dismissal for lack of subject-matter jurisdiction

The government moves to dismiss Plaintiff's claims for slander, intentional infliction of emotional distress (IIED), and fraud on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he exhausted his administrative remedies and the Federal Tort Claims Act (FTCA) does not waive sovereign immunity for intentional torts.  The government also moves to dismiss Plaintiff's Americans with Disabilities Act (ADA) claim on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he filed an Equal Employment Opportunity (EEO) claim with the VA. Finally, the government moves to dismiss Plaintiff's claims to the extent that Plaintiff challenges the denial of vocational rehabilitation on the ground that the Veterans Judicial Review Act (VJRA), 38 U.S.C. § 511, precludes judicial review of

6 - OPINION AND ORDER

decisions made by the VA regarding veterans' benefits.

**A.    Exhaustion of tort claims**

The FTCA, 28 U.S.C. § 2671, *et seq.*, provides the exclusive remedy for monetary damages from the federal government for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  In addition, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The claim-presentation requirement is "'jurisdictional in nature and may not be waived.'"  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006).

Plaintiff does not allege in his Complaint or in his

7 - OPINION AND ORDER

Response that he filed an administrative tort claim with the VA
or that the VA denied in writing any administrative tort claim
brought by Plaintiff.  Plaintiff, therefore, has not alleged
facts sufficient to establish that he provided tort-claims notice
to Defendant as required by the FTCA.  Accordingly, the Court
grants the government's Motion to Dismiss Plaintiff's claims for
slander, IIED, and fraud.

   **B.    Sovereign immunity related to tort claims**

       The government contends even if Plaintiff exhausted his
administrative remedies, his claims for IIED, slander, and fraud
are barred by the doctrine of sovereign immunity.

       Under the Eleventh Amendment the sovereign is immune to
claims against it by its citizens.  U.S. Const. amend XI.  *See
also Tennessee v. Lane*, 541 U.S. 509, 517 (2004).  Congress,
however, may abrogate a state's sovereign immunity under certain
circumstances or, as with other constitutional rights, a state
may voluntarily waive its right to immunity.  *See Lane v. Pena*,
518 U.S. 187, 192-98 (1996).  *See also Quantum Prod. Serv., LLC
v. Austin*, 448 F. App'x 755, 756 (9th Cir. 2011)("Absent a
waiver, sovereign immunity shields the Federal Government and its
agencies from suit.").

       The test for waiver of sovereign immunity is a
"stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary
Educ. Expense Bd.*, 527 U.S. 666, 675-78 (1999)(quotation

omitted).  Sovereign immunity may not be impliedly or
constructively waived, and courts must "indulge every reasonable
presumption against waiver."  *Id*. at 678-82 (waivers of sovereign
immunity must be "unmistakably clear").  Any ambiguity in the
waiver of sovereign immunity must be construed in favor of
immunity.  *United States v. Nordic Village, Inc*., 503 U.S. 30, 34
(1992).

Although Congress specifically waived the United
States' sovereign immunity for certain claims in the FTCA,
§ 2680(h) of the FTCA exempts "[a]ny claim arising out of
assault, battery, false imprisonment, false arrest, malicious
prosecution, abuse of process, libel, slander, misrepresentation,
deceit, or interference with contract rights" from the waiver of
sovereign immunity.  Congress, therefore, has not waived
sovereign immunity as to claims for slander and fraud like those
brought by Plaintiff against the VA.

Accordingly, the Court grants Defendant's Motion to
Dismiss Plaintiff's claims against Defendant for IIED, slander,
and fraud without leave to amend because those claims are barred
by the doctrine of sovereign immunity.

### C.  Exhaustion of ADA claim

The government moves to dismiss Plaintiff's ADA claim
on the grounds that this Court lacks subject-matter jurisdiction
because Plaintiff has not alleged he filed an EEO claim with the

VA.

    "'Prior to instituting a court action under Title VII,
a plaintiff alleging discrimination in federal employment must
proceed before the agency charged with discrimination.  42 U.S.C.
§ 2000e-16(c).'"  *Diefenderfer v. LaHood*, No. C08-958Z, 2009 WL
2475083, at *3 (W.D. Wash. Aug. 10, 2009)(quoting *Bayer v. United
States Dep't of Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992)).
*See also* Vines v. Gates, 577 F. Supp. 2d 242, 254 (D.D.C. 2008)
(same); *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832-33 (1976)
("[A]n aggrieved employee [has the right to] file a civil action
in a federal district court to review his claim of employment
discrimination.  Attached to that right, however, are certain
preconditions.  Initially, the complainant must seek relief in
the agency that has allegedly discriminated against him.  He then
may seek further administrative review with the Civil Service
Commission or, alternatively, he may . . . file suit in federal
district court without appealing to the Civil Service
Commission."); 42 U.S.C. § 2000e-16(c)("Within 90 days of receipt
of notice of [alleged discriminatory action] by a department
. . . or after one hundred and eighty days from the filing of the
initial charge with the department . . . an . . . applicant for
employment . . . may file a civil action.").

    Plaintiff does not allege in his Complaint or in his
Response to Defendant's Motion that he filed an EEO claim with

10 - OPINION AND ORDER

the VA.  The Court, therefore, grants the government's Motion to
Dismiss Plaintiff's claim for violation of the ADA on the basis
of Plaintiff's failure to exhaust.

> **D.    Preclusion of claims by the VJRA**

The government moves to dismiss Plaintiff's claims to
the extent they are premised on the VA's denial of vocational
rehabilitation to Plaintiff on the ground that the VJRA precludes
judicial review of those claims.

Claims relating to the denial of veterans' benefits are
reviewed in a three-tiered process beginning with the regional VA
office.  VA decisions may be appealed to the Board of Veteran
Appeals and then to the Court of Appeals for Veterans Claims,
which is the court of last resort for these claims:

> The Secretary shall decide all questions of law
> and fact necessary to a decision by the Secretary
> under a law that affects the provision of benefits
> by the Secretary to veterans or the dependents or
> survivors of veterans. Subject to subsection (b),
> *the decision of the Secretary as to any such
> question shall be final and conclusive and may not
> be reviewed by any other official or by any court*,
> whether by an action in the nature of mandamus or
> otherwise.

38 U.S.C. § 511(a) (emphasis added).  The Ninth Circuit has held
challenges to the determination of VA benefits may not be brought
in federal district courts.  *See*, *e.g.*, *Recinto v. U.S. Dep't of
Veterans Affairs*, 706 F.3d 1171, 1175 (9th Cir. 2013)("[A]
district court does not have jurisdiction over claims that would
require it to review a question of fact or law relating to or

11 - OPINION AND ORDER

affecting veterans' benefits decisions."); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022–25 (9th Cir. 2012)("First, Congress has expressly disqualified us from hearing cases related to VA benefits in [38 U.S.C.] § 511(a) . . . and second, Congress has conferred exclusive jurisdiction over such claims to the [Court of Appeals for Veterans Claims] and the Federal Circuit."). In addition, judicial review of VA decisions related to provision of benefits is barred under the VJRA "even if the Administrator abused his discretion in making the decisions." *Moore v. Johnson*, 582 F.2d 1228, 1232 (9th Cir. 1978).

On this record the Court concludes it lacks jurisdiction to review Plaintiff's claims to the extent that Plaintiff seeks to challenge the VA's denial of vocational rehabilitation. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claims challenging the VA's denial of vocational rehabilitation without leave to amend.

## II.  Dismissal for failure to state a claim

As noted, Plaintiff alleges Defendant violated the ADA, 42 U.S.C. § 12112, *et seq.*, "based on [Plaintiff's] disability, race, and age." Defendant moves to dismiss any employment-discrimination claim alleged by Plaintiff on the ground that Plaintiff fails to state a claim for violation of any employment-discrimination statute.

**A.    Plaintiff's ADA claim**

Title I of the ADA ensures fair opportunities in the workplace for qualified individuals with disabilities by prohibiting discrimination against those individuals and by requiring employers to reasonably accommodate their disabilities. 42 U.S.C. § 12112.  *See also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477-78 (1999).  The ADA provides in pertinent part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).  To state a *prima facie* case of discrimination under the ADA, a plaintiff must allege he is a qualified individual with a disability and that his employer discriminated against him because of his disability.  *Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996).

An individual is disabled within the meaning of the ADA if he has "a physical or mental impairment that substantially limits one or more of [his] major life activities" or if his employer regards him "as having such an impairment."  42 U.S.C. § 12102(2)(A), (C).  The Supreme Court held the term disability should be strictly interpreted "to create a demanding standard for qualifying as disabled" and in order for an individual "to be substantially limited in performing manual tasks, [that]

individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg. Ky. Inc. v. Williams*, 534 U.S. 184, 197-98 (2002).  The term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship."  42 U.S.C. § 12112(b)(5)(A).

"As with discrimination cases generally, a plaintiff in an ADA case at all times bears the ultimate burden of establishing . . . he has been the victim of illegal discrimination based on his disability." *Gomez v. Am. Bldg. Maint.*, 940 F. Supp. 255, 257 (N.D. Cal. 1996)(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).

Plaintiff does not allege in his Complaint or in his Response that he suffers from a physical or mental impairment that substantially limits one or more of [his] major life activities nor does he identify any of his alleged impairments. Moreover, Plaintiff does not allege Defendant discriminated against him because of a disability.  Plaintiff also fails to identify in his Complaint any specific acts of discrimination that Defendant engaged in related to his alleged disabilities.

14 - OPINION AND ORDER

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's ADA claim for failure to state a claim.

**B.   Plaintiff's claim for age discrimination**

Plaintiff appears to intend to allege a claim for discrimination based on age even though Plaintiff's Complaint does not contain any allegations regarding Defendants' actions related to Plaintiff's age.

To state a claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, a plaintiff

> must demonstrate that [he] is (1) at least forty years old, (2) performed [his] job satisfactorily, (3) was discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008)(quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).

*Swan v. Bank of Am.*, No. 08-16889, 2009 WL 5184129, at *1 (9th Cir. Dec. 30, 2009). Plaintiff fails to allege in his Complaint that he was terminated, that he was at least forty years old at the time of his termination, that he was replaced by a substantially younger employee, or any other circumstances that might give rise to an inference of discrimination based on his age.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim of age discrimination.

15 - OPINION AND ORDER

**C.    Plaintiff's claim for race discrimination**

To the extent that Plaintiff intends to allege a claim for race discrimination despite the fact that his Complaint does not contain any allegations regarding Defendant's actions related to Plaintiff's race, Plaintiff fails to state a claim.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1). "A person suffers disparate treatment in his employment 'when he . . . is singled out and treated less favorably than others similarly situated on account of race.'"  *Cornwell v. Electra Cent. Cred. Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)(quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004)).

To establish a *prima facie* case under Title VII, a plaintiff must establish (1) he belongs to a class of persons protected by Title VII, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated him differently than similarly-situated employees who do not belong to the same protected class as the plaintiff.  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff does not allege in his Complaint that he

16 - OPINION AND ORDER

belongs to a protected class, that he performed his job

satisfactorily, or that he was treated differently from

similarly-situated employees who are not in Plaintiff's protected

class.

Accordingly, the Court grants Defendant's Motion to

Dismiss Plaintiff's claim for race discrimination.

**III. Duplicative action**

The Court notes a portion of Plaintiff's claim is a verbatim

recitation of a claim he asserted in another action before this

Court: *Knight v. Department of Veterans Affairs*, 3:13-CV-01349-

BR.  Specifically, in this action and in 3:13-CV-01349-BR

Plaintiff alleges:

> Recently, Petitioner filed two positions exactly
> same title and pay rate and same locations, with
> one exception.  One job was Competitive and other
> was non-competitive.  For competitive job,
> USAJOBS.gov stated on application status, Disabled
> Veteran [Plaintiff] as being "application
> received" and other "Minimum qualification not
> met."  Both job received same application related
> forms and resume.  Both positions were not sending
> [Plaintiff] any notifications afterward being
> applications received status.

Compl. at ¶ II.  Plaintiff is not permitted to assert the same

claim against the same Defendant in two separate actions.

Accordingly, to the extent that Plaintiff seeks to challenge the

VA's actions with respect to Plaintiff's applications to the same

two positions that he challenges in 3:13-CV-01349-BR, the Court

dismisses that portion of Plaintiff's claim without leave to

17 - OPINION AND ORDER

amend.

**IV.  Leave to amend**

The Ninth Circuit has made clear that when a *pro se* plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'"  *Ramirez*, 334 F.3d at 861 (quoting *Lopez,* 203 F.3d at 1130).  Because Plaintiff may be able to cure the deficiencies in his claims for disability, age, and/or race discrimination, the Court dismisses these claims without prejudice and with leave for Plaintiff to file an Amended Complaint to cure the deficiencies set out in this Opinion.

As noted, however, Plaintiff's claims for IIEE, slander, and fraud are dismissed with prejudice and without leave to amend based on the doctrine of sovereign immunity.  Plaintiff's claims challenging the VA's decisions denying him vocational rehabilitation are dismissed without prejudice, but without leave to amend on the ground that this Court lacks jurisdiction. Finally, the Court dismisses the portion of Plaintiff's claim in Section II of his Complaint based on his applications for "two positions exactly same title and pay rate and same locations" with prejudice and without leave to amend to the extent that Plaintiff seeks to challenge the same actions of the VA that he challenges in 3:13-CV-01349-BR.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss and

1. **DISMISSES** Plaintiff's claims for IIED, slander, and fraud **with prejudice**;

2. **DISMISSES** Plaintiff's claim in Section II of his Complaint based on his applications for "two positions exactly same title and pay rate and same locations" **with prejudice** and without leave to amend to the extent that Plaintiff seeks to challenge the same actions of the VA that he challenges in 3:13-CV-01349-BR;

3. **DISMISSES** Plaintiff's claims challenging the VA's denial of vocational rehabilitation without prejudice but also without leave to amend; and

4. **DISMISSES** Plaintiff's claims for disability, age, and/or race discrimination **without prejudice.**

Plaintiff may file an amended complaint **no later than December 2, 2013,** to cure the deficiencies noted above solely as to Plaintiff's claim(s) for disability, age, and/or race discrimination.  The Court advises Plaintiff that failure to file an amended complaint and to cure the deficiencies set out in this Opinion and Order by December 2, 2013, shall result in the

dismissal of this matter with prejudice.

IT IS SO ORDERED.

DATED this 12th day of November, 2013.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER